UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE PEAKS AT TUKWILA CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

## I.    INTRODUCTION

1.1    This is an action for declaratory judgment, breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)    A declaration of the rights, duties, and liabilities of the parties with respect to certain controverted issues under Allstate Insurance Company ("Allstate") policies issued to The Peaks at Tukwila Condominium Association ("Association") and/or covering The Peaks at Tukwila Condominium. The Association is seeking a ruling that each of the Allstate insurance policies provides coverage for hidden damage at the Peaks at Tukwila Condominium and that Allstate is liable for money damages for the cost of repairing hidden damage at the Peaks at Tukwila Condominium.

(B)    Money damages for the cost of repairing covered damage, breach of contract, bad faith, and violations of the CPA.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(C) Attorneys' fees and costs (including expert witness fees).

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized and incorporated under the laws of the state of Washington with its principal place of business located in Tukwila, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Peaks at Tukwila Condominium. The Peaks at Tukwila Condominium consists of two (2) buildings with a total of thirty-one (31) residential units located in Tukwila, Washington.

2.2 <u>Allstate</u>. Allstate is an Illinois domiciled insurer with its principal place of business in Northbrook, Illinois. Allstate sold and issued property insurance policies to the Association including Policy Nos. 050685085 (in effect from at least March 5, 2000, through March 5, 2001), 050002806 (in effect from at least March 5, 2001, through March 5, 2002), and 050002839 (in effect from at least March 5, 2002, through March 5, 2005). The Allstate policies identify the Peaks at Tukwila Condominium as covered property. The Association is seeking coverage against all Allstate policies issued to the Association and/or covering the Peaks at Tukwila Condominium.

2.3 <u>Doe Insurance Companies 1–10</u>. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Peaks at Tukwila Condominium as covered property.

2.4 <u>Peaks at Tukwila Insurers</u>. Allstate and Doe Insurance Companies 1–10 shall collectively be referred to as the "Peaks at Tukwila Insurers."

2.5 <u>Peaks at Tukwila Policies</u>. The policies issued to the Association by the Peaks at Tukwila Insurers shall collectively be referred to as the "Peaks at Tukwila Policies."

///

///

///

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## III.    JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Peaks at Tukwila Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium buildings are located in King County.

## IV.    FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Allstate</u>. In September 2021, the Association tendered a claim to Allstate. After the claim to Allstate was tendered, the Association requested that Allstate investigate for any hidden damage that may exist at the Peaks at Tukwila Condominium.

4.3     <u>Joint Intrusive Investigation</u>. In October 2022, the Association, including its experts at J2 Building Consultants, Inc. ("J2"), and the Association's historic insurance providers, including Allstate, conducted a joint intrusive investigation at the Peaks at Tukwila Condominium, which revealed system-wide hidden damage to the exterior building components including, but not limited to, the weather-resistive barrier ("WRB"), sheathing, and framing.

4.4     <u>J2 Report</u>. Following the joint intrusive investigation, J2 prepared its Building Envelope Evaluation ("J2 Report"), dated February 7, 2023. On information and belief, the hidden damage at the Peaks at Tukwila Condominium has occurred incrementally and progressively and some new damage occurred during each Allstate policy period. The cost to repair the hidden damage at the Peaks at Tukwila Condominium is in excess of $4,900,000.00, well over the jurisdictional limit of $75,000.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

4.5     Allstate's Denial of the Association's Claim. On May 6, 2025, Allstate unreasonably denied coverage for the Association's insurance claim.

### V.   FIRST CLAIM: AGAINST THE PEAKS AT TUKWILA INSURERS FOR DECLARATORY RELIEF THAT THE PEAKS AT TUKWILA POLICIES PROVIDE COVERAGE

5.1     The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2     The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the Peaks at Tukwila Policies cover the hidden damage to exterior building components including, but not limited to, exterior WRB, sheathing, and framing at the Peaks at Tukwila Condominium.

(B)     No exclusions, conditions, or limitations bar coverage under the Peaks at Tukwila Policies.

(C)     On information and belief, the loss or damage to the Peaks at Tukwila Condominium was incremental and progressive. Some new damage occurred during each year of the Peaks at Tukwila Policies.

(D)     As a result, the Peaks at Tukwila Policies cover the cost of investigating and repairing the hidden damage to exterior building components including, but not limited to, WRB, sheathing, and framing at the Peaks at Tukwila Condominium.

### VI.   SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1     The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Allstate has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Peaks at Tukwila Condominium.

6.3     Allstate breached its contractual duties by wrongfully denying coverage on May 6, 2025, and by failing to pay the cost of repairing the covered damage to the Peaks at Tukwila Condominium.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

6.4     As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1     The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Peaks at Tukwila

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Condominium; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under the Allstate policies; (3) failing to acknowledge that there is coverage under the Allstate policies when damage results from the concurrent combination of rain and inadequate construction; (4) failing to acknowledge that there is coverage under the resulting loss clause in the Allstate policies; (5) ignoring case law in the Western District of Washington that is directly contrary to the coverage positions taken by Allstate; and (6) failing to define key undefined terms in the Allstate policies in favor of the Association as required by Washington law.

7.5     A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claims handling standards:

- Which require Allstate to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

///

///

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## VIII. FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2   Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Allstate's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1   <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Peaks at Tukwila Policies provide coverage as described herein.

9.2   <u>Money Damages.</u>  For money damages against each of the Peaks at Tukwila Insurers for the cost of investigating and repairing hidden damage at the Peaks at Tukwila Condominium in an amount to be proven at trial, as well as money damages against Allstate for breach of the duty of good faith in an amount to be proven at trial.

9.3   <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4   <u>CPA Penalties</u>.  For CPA penalties against Allstate of up to $25,000 per violation.

9.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.   DEMAND FOR JURY TRIAL

10.1  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Dated the 25th day of June, 2025.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica R. Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660